IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES WIDTFELDT, | |
| Plaintiff, | **8:20CV125** |
| v. | |
| PAUL CORKLE, DEBORAH WHITFIELD, and UNKNOWN DEFENDANTS 1-44, | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on a motion to dismiss (Filing No. 4) by the government which claims it is the proper defendant in this case and should be substituted for defendant Deborah Whitfield ("Whitfield"), an Internal Revenue Service ("IRS") agent. The government describes this case as "another frivolous suit filed by [plaintiff] James Widtfeldt [("Widtfeldt")] for which no jurisdiction exists." For the reasons stated below, the motion is granted.

## I.     BACKGROUND

Widtfeldt, an attorney indefinitely suspended from practicing law in Nebraska for abusive filings (among other things), represents himself in this case. Widtfeldt, who has repeatedly attempted to relitigate his federal tax liabilities and sue parties over conspiracy theories over Lyme disease, is familiar to this Court. *See Widtfeldt v. Comm'r of Internal Revenue*, 8:13cv79, 2013 WL 878449, *1 (D. Neb. Sept. 5, 2013) (collecting cases); *see also Widtfeldt v. City of Atkinson*, 8:18cv150, 2018 WL 3553354, *1 (D. Neb. July 24, 2018) (discussing Widtfeldt's allegations of a "far-reaching conspiracy against him").

This Court currently presides over a related case in which the government sued Widtfeldt for unpaid federal tax liabilities, one of the most recent actions involving Widtfeldt and his federal tax matters. *See United States v. Widtfeldt*, 8:18cv453 (D. Neb. 2018). In that case, the Court issued (Filing No. 43 in 8:18cv453) a Memorandum

and Order on September 17, 2019 ("Memorandum and Order"), finding Widtfeldt liable for unpaid federal taxes and authorizing the government to recover those taxes by selling real property owned by Widtfeldt. *See United States v. Widtfeldt*, 8:18cv453, 2019 WL 4450693, *2-3 (D. Neb. Sept. 17, 2019); *see also* 26 U.S.C. § 7403. On October 21, 2019, the Court issued an Order of Sale (Filing No. 46 in 8:18cv453), providing for the sale of that property by public auction under certain terms and procedures. *See id.*; *see also* 28 U.S.C. §§ 2001 and 2002. Widtfeldt appealed, which remains pending before the Eighth Circuit.[1]

The government arranged to sell some of the property at an auction on March 5, 2020 ("sale"). Whitfield oversaw the sale.

On March 3, 2020, anticipating the sale, Widtfeldt filed a complaint (Filing No. 1-1) against forty-four unknown defendants in the District Court of Holt County, Nebraska ("state court"), seeking to prevent "all purported bidders and participants in the wrongfully advertised sale" from bidding on or purchasing the property.

Widtfeldt claims the sale is "a result of wrongful litigation claiming fictitious tax due" because (1) the Court made a wrongful determination of tax liability in the Memorandum and Order, (2) the government owes him an approximately $20 million tax refund, and (3) myself and others should be removed from office "for violating federal criminal statutes." In support, the complaint mentions ticks, Lyme disease, and alleged tax determinations by "Arthur Welp, an Administrative Law Judge."

---

[1]The Eighth Circuit has denied Widtfeldt's request to quash the Order of Sale and terminate a notice of sale by the government. *See United States v. Widtfeldt*, Case. No. 19-3372, Entry ID 4884376 (8th Cir. Feb. 24, 2020).

Widtfeldt instructed the state court and the sheriff to serve a copy of the summons on any participants at the sale. Three people were served—James Gaylen ("Gaylen"),[2] Paul Corkle ("Corkle"), and Whitfield.  Gaylen and Corkle were registered bidders for the sale. The sale was unsuccessful.[3]

On March 31, 2020, the government, as "the proper defendant in this action" and on behalf of Whitfield, removed (Filing No. 1) the case to this Court.  *See* 28 U.S.C. §§ 1441 and 1442(a)(1) (authorizing removal of civil actions against the United States or officers of the United States or agencies thereof for "any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue").

The government asserts it is the proper defendant because Whitfield "was served with a summons and sued in her official capacity as a federal employee due to her actions as an IRS agent."  "When an action is one against named individual defendant, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989); *Burgos v. Milton*, 709 F.2d 1, 2 (1st Cir. 1983) (same). Here, the government asserts—and Widtfeldt does not deny—Whitfield is an IRS agent who Widtfeldt sued for facilitating the sale.  Under those circumstances, this action is

---

[2]The state court dismissed Gaylen from the case on his motion to dismiss for failure to state a claim.

[3]Currently pending before the Court in *United States v. Widtfeldt* is a motion by the government to hold Widtfeldt in contempt of court (Filing No. 52 in 8:18cv453) for disobeying the Order of Sale by thwarting the sale by various means, such as filing the present action.  Widtfeldt also sued me and others in a case subject to a motion to dismiss and currently pending before another judge. *See Widtfeldt v. Internal Revenue Serv.*, 8:20cv87 (D. Neb. 2020).

against the government, even though Widtfeldt did not name it as a party. *See Atkinson*, 867 F.2d at 590.

Accordingly, the government asserts this case must be dismissed because (1) it has not waived its sovereign immunity, *see* Fed. R. Civ. P. 12(b)(1); (2) the complaint fails to state a claim, *see* Fed. R. Civ. P. 12(b)(6); and (3) the Court cannot revisit its rulings in the Memorandum and Order as that case is pending before the Eighth Circuit, *see In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d 372, 375 (8th Cir. 1996) ("Generally, an appeal to the circuit court divests the district court of jurisdiction as to those issues involved in the appeal."). The government also asserts the Court lacks subject-matter jurisdiction to grant Widtfeldt's request for a $20 million refund because he did not follow mandatory refund procedures. *See* 26 U.S.C. § 7422.

Widtfeldt responded by filing an objection (Filing No. 6) that largely mirrors his complaint.

## II. DISCUSSION

### A. No Grounds for Recusal

As a preliminary matter, the Court notes Widtfeldt (1) submitted a judicial complaint against me, *see* 28 U.S.C. § 351 *et seq.*, (2) sued me (and other government officials) for matters relating to the Memorandum and Order, *see Widtfeldt v. Internal Revenue Serv.*, 8:20cv87 (D. Neb. 2020), and (3) seemingly suggests I am not fit to handle this case and violated unspecified federal criminal statutes. Although Widtfeldt has submitted no formal motion for recusal, the Court will consider this issue.

A judge must recuse from "any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455; *see also* 28 U.S.C. § 144 (same standard on an affidavit by a party for recusal). A party seeking recusal "carries a heavy burden of proof; a judge is presumed to be impartial

4

and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)).

"[A] litigant's personal attacks on a judge do not necessarily require recusal," and requiring recusal "any time a litigant has been critical of a judge would create perverse incentives and enable judge shopping." *Akins v. Knight*, 863 F.3d 1084, 1087 (8th Cir. 2017).

Here, the Court finds recusal is not required. Regarding Widtfeldt's judicial complaint, Chief Judge Lavenski R. Smith of the Eighth Circuit dismissed that complaint as frivolous, and it is not grounds for recusal. *See* 28 U.S.C. § 352, *see also* Committee on Codes of Conduct, *Disqualification Based on Harassing Claims Against Judge*, Advisory Opinion No. 103 (June 2009) ("[I]f the chief judge dismisses the complaint . . ., the judge will not face the potential for any adverse consequences" and "[n]o reasonable person would then question the ability of the judge to participate impartially in the complaining litigant's case."); Code of Conduct for United States Judges, Canon 3(C)(1).

As to Widtfeldt's pending case against me, recusal is not required merely because a party has sued the judge presiding over his litigation. *See Buttercase v. Frakes*, 8:18CV131, 2019 WL 2231133, *1 (D. Neb. May 23, 2019) (collecting cases and noting the purpose of the general rule is to avoid judge shopping). And even a cursory review of the nature of the pending case and other relevant circumstances shows that case is frivolous, which further negates any reason to recuse. *See id.*; *see also* Committee on Codes of Conduct, *Disqualification Based on Harassing Claims Against Judge*, Advisory Opinion No. 103 (explaining the basis for questioning impartiality must be "reasonable" and that a complaint against a judge is almost always subject to prompt dismissal for judicial immunity).

Because Widtfeldt has identified no other issues which could reasonably question this judge's impartiality, recusal is not warranted and the Court will consider the present motion.

### B.   Sovereign Immunity

As noted above, Widtfeldt's claim against Whitfield is actually against the government. *See Atkinson*, 867 F.2d at 590. It is well-establish that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is a jurisdictional matter assessed under Rule 12(b)(1). *See Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014); *see also Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018) (explaining the difference between facial and factual attacks on jurisdiction); *Great Rivers Habitat All. v. FEMA*, 615 F.3d 985, 989 (8th Cir. 2010) (explaining that for facial attack the Court accepts all factual allegations in the pleadings as true and views them in the light most favorable to the nonmoving party).

"[T]he Government's consent to be sued 'must be construed strictly in favor of the sovereign.'" *United States v. Nordic Village Inc.*, 503 U.S. 30, 34 (1992) (quoting *McMahon v. United States*, 342 U.S. 25, 27 (1951)). The plaintiff bears the burden of demonstrating waiver of sovereign immunity. *See V S Ltd. P'ship v. HUD*, 235 F.3d 1109, 1112 (8th 2000); *see also Great Rivers Habitat All.*, 615 F.3d at 988 ("The burden of proving federal jurisdiction, however, is on the party seeking to establish it.").

Here, Widtfeldt has not alleged, let alone shown, the government consented to suit in this case. In fact, as Widtfeldt should well know from past cases, the Anti-Injunction Act, *see* 26 U.S.C. § 7421(a), expressly prohibits suits in this Court to restrain the assessment or collection of any tax, *see Widtfeldt v. Comm'r of Internal Revenue*, 565 F. App'x 577 (8th Cir. 2014) (unpublished per curiam) (affirming dismissal of a suit by Widtfeldt alleging a violation of a tax court order); *Widtfeldt v. Ponte*, 504 Fed. App'x 549 (8th Cir. 2013) (unpublished per curiam) (same); *Widtfeldt v. Neb. State Bar Ass'n*,

6

No. 8:11cv367, 2012 WL 1247116, *5 (D. Neb. April 13, 2012) (dismissing similar claims by Widtfeldt for the same reason and explaining why no exception to the Anti-Injunction Act applies under these circumstances).

Accordingly, to the extent Widtfeldt's claim against Whitfield is against her based on her acts in her official capacity, the claim is against the government and sovereign immunity bars suit.

### C.    Failure to State a Claim

Even if Widtfeldt's claim against Whitfield is not barred by sovereign immunity, all his claims must be dismissed for failing to state a claim upon which relief may be granted.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible if the plaintiff pleads sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The Court construes pro se complaints liberally, but "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (collecting cases regarding pro se pleading standards).

Even with the most liberal construction, as noted by the government, "Widtfeldt makes no lucid allegations of fact and cites no authority that allows the Court to award him any of the relief he seeks, and certainly does not enunciate how judgment against the defendants ([Whitfield and Corkle]) will help him attain relief."  Between his discussions of ticks, fleas, and other infestations, Widtfeldt asserts the "claims of tax due are wrongful and fraudulent" and demands (1) removal of myself and others "for violation federal criminal statutes," (2) no one be allowed to bid on or purchase his property, (3) reconsideration of the "wrongful determination" in the Memorandum and Order, and (4) a $20 million refund.  His mere labels, conclusions, and "'naked assertion[s]' devoid

7

of 'further factual enhancement'" cannot plausibly establish entitlement to relief under any theory. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Accordingly,

IT IS ORDERED:

1.    The government's motion to dismiss (Filing No. 4) is granted.

2.    This case is dismissed with prejudice.

3.    A separate judgment will issue.

Dated this 15th day of June 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge